UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BENJAMIN C. WILCOX, SR., | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | CIVIL ACTION NO. 3:07-0365 |
| | § | |
| MICHAEL J. ASTRUE, Commissioner of | § | |
| the Social Security Administration, | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Attorneys' Fees Pursuant to 42 U.S.C. § 406(b)(1) (Doc. No. 23). In this Motion, Plaintiff's counsel seeks attorneys' fees in the amount of $20,388.81, which represents twenty-five percent of the retroactive benefits awarded to the Plaintiff payable under § 406(b)(1), less the amount of fees previously awarded under the Equal Access to Justice Act ("EAJA") of $4,802.19. In its opposition, Defendant argues that this fee request may be untimely, and that the amount requested is unreasonable.

Section 406(b) does not contain a specific time period for the filing of a request for attorneys' fees. The Fifth Circuit has suggested that Federal Rule of Civil Procedure 54(d)(2), which requires that requests for attorneys' fees be filed fourteen days after entry of judgment, applies to requests made under § 406(b). *See Pierce v. Barnhart*, 440 F.3d 657, 664 (5th Cir. 2006). However, the court there explicitly acknowledged that it is within the Court's discretion to expand this time limit. *Id.* Moreover, courts routinely entertain § 406(b) requests filed after the 14-day deadline in recognition of the fact that further administrative proceedings are often required after a district court's entry of

1

judgment, rendering observance of this deadline frequently impractical. Thus, although this Court has issued no previous directive concerning a time limit for filing a § 406(b) request, it now exercises its discretion in finding that the timing of this Motion is not unreasonable and causes no prejudice or harm to Defendant. As such, the Court will consider it.

Plaintiff's counsel in this case requests a twenty-five percent contingency fee. "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The Court finds that counsel for Plaintiff has made such a showing. First, counsel for Plaintiff in this case is clearly an experienced advocate in Social Security disability cases. Second, the Court granted summary judgment and entered a final judgment in favor of Plaintiff. Moreover, counsel for Plaintiff points to a host of cases in which comparable and even higher fee awards have been upheld. (Pl. Reply, Doc. No. 26, at 2.) As such, the Court concludes that the amount of $20,388.81 is a reasonable fee award under § 406(b).

Accordingly, the Court hereby **GRANTS** the Motion for Fees (Doc. No. 23) and awards Charles E. Binder, counsel for Plaintiff, attorneys' fees in the amount of $20,388.81. The remainder of the withholding, or $4,802.19, shall be released by the Defendant directly to the Plaintiff.

**IT IS SO ORDERED.**

**SIGNED** this 5th day of August, 2010.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**